UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BURCICKI, et al.,

      Plaintiffs,    No. 02-CV-70230-DT

vs.            Hon. Gerald E. Rosen

NEWCOR, INC.,

      Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION
TO SET ASIDE CLERK'S ENTRY OF DEFAULT

  At a session of said Court, held in
  the U.S. Courthouse, Detroit, Michigan
  on   July 22, 2009

  PRESENT: Honorable Gerald E. Rosen
        Chief Judge, United States District Court

  Plaintiffs commenced this action in January 2002 against Newcor, Inc. and one of its subsidiaries, Newcor M-T-L, Inc. (a/k/a Newcor Machine Tool, Inc.), seeking to enforce their alleged rights to lifetime healthcare benefits. Shortly after the Plaintiffs' filing of their Complaint, however, on April 30, 2002 -- before either Defendant filed an Answer -- the action was administratively closed due to Defendant Newcor, Inc. and its subsidiaries' bankruptcy filing. The Order for Administrative Closing provided that after the bankruptcy stay was lifted, the case could be re-opened on the motion of any party.

  Newcor reorganized and emerged from bankruptcy on December 31, 2002. In

accordance with the approved Plan of Reorganization, Newcor M-T-L, Inc. was subsequently dissolved in January 2003.  The reorganized Newcor continued thereafter to operate.

During and after the bankruptcy, Newcor provided Plaintiffs with continuous retiree healthcare benefits. On April 22, 2009, however, several of the Plaintiffs were informed that Newcor intended to terminate their health care coverage effective April 30, 2009.  During the ensuing month, Plaintiffs' counsel and Defendant's counsel were in frequent contact.  The discussed the merits of the case and alternative resolutions in lieu of reopening the action on numerous occasions.  When an impasse occurred, Plaintiffs' counsel requested and received, Defendant's concurrence in a motion to reopen the action.  The Motion to Reopen Case was filed on May 28, 2009.

On June 10, 2009, the case against Newcor, Inc. was re-opened on June 10, 2009. Counsel for Defendant Newcor filed an appearance on June 17, 2009.   On June 29, 2009, Plaintiffs moved for preliminary injunctive relief.

On July 13, 2009, counsel for Newcor conveyed a settlement offer to Plaintiffs' counsel which Plaintiffs' counsel said he would discuss with his clients.  The next day, however, without contacting counsel for Newcor either to respond to the settlement offer or to apprise him of Plaintiffs' intentions to request entry of default, Plaintiffs' filed a Request for Clerk's Entry of Default.  Relying on the service upon Thomas Parker, Vice President of Newcor, at 433552 Woodward Avenue, Suite 240, Bloomfield Hills

Michigan on January 18, 2002[1] -- i.e., prior to Newcor's bankruptcy -- the Clerk entered Newcor's Default.

Upon receipt of the Request, Newcor's counsel contacted Plaintiffs' counsel and requested his concurrence to set aside the Clerk's Entry of Default. Plaintiffs' counsel refused to concur.

By a motion submitted on July 16, 2009, Defendant asks the Court to set aside the default entered against it by the Court Clerk on July 15, 2009. This Court has considered Defendant's brief, and for reasons discussed below Defendant's motion will be GRANTED.

Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default "for good cause." The Sixth Circuit has adopted three factors that must guide the Court in its exercise of discretion when considering whether to find good cause. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983). Those three factors are whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious. *Id*. The Court finds that each of these factors weighs in favor of Defendant, and that a set-aside is appropriate.

"[T]he methodology for considering [the three factors] and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment." *Waifersong, Ltd., Inc., v. Classic Music Vending*, 976 F.2d 290, 292

---

[1] Defendant states that Mr. Parker has not worked for Newcor for over five years and Newcor has not had offices in Bloomfield Hills since 2003.

(6th Cir. 1992). Here, Defendant seeks to set aside the entry of default. "When asked to set aside an entry of default, a court considers the first factor, defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief," *id.*, rather than framing the issue in terms of "mistake, inadvertence, surprise, or excusable neglect." This latter approach would instead apply specifically to an effort to set aside a default judgment. *Waifersong*, 976 F.2d at 292.

     The facts as presented indicate that Defendant's default was not willful. As indicated above, since April 2009, Plaintiffs' counsel and Defendant's counsel have been in contact with one another and have made several attempts to resolve this matter without the Court's intervention. Defendant's last settlement offer was conveyed to Plaintiff's counsel on July 13, 2009, the day before Plaintiffs filed their Request for Clerk's Entry of Default. Plaintiffs' filed their Request for Entry of Default before responding to the settlement offer. From these assertions the Court determines that the default was not willful. Equitable relief on the issue of willful default is appropriate.

     A set-aside would not prejudice Plaintiffs. There is no apparent prejudice to Plaintiffs other than the obvious delay, but "delay alone is not a sufficient basis for determining prejudice," *INVST Fin. Group, Inc. v. Chem-Nuclear Syss., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (*quoting Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). The delay in this case was, in fact, minimal. It has been only a little more than a month since the Court entered the Order re-opening this case -- a case which, although filed against a defendant bearing the same name as the present defendant, is now proceeding

against a completely reorganized company. Under these circumstances, the Court finds that no prejudice would result from setting aside the entry of default.

Finally, Defendant has asserted a meritorious defense. If any defense relied upon states a defense good at law, then a meritorious defense has been advanced. *United Coin Meter*, 705 F.2d at 845. Likelihood of success is not the measure. *Id*. Defendant has asserted a Termination Agreement from which Plaintiffs' claim for lifetime healthcare benefits emanates and which provides that "all disputes or claims arising out of any alleged violation of the Termination Agreement will be resolved by arbitration." Defendant states that it will file a Motion to Dismiss raising this issue. Additionally, Defendant maintains that at least one of the named Plaintiffs (Mr. DeGraeve) is not a "covered employee" under the Termination Agreement and the dissolution of Newcor Machine Tool, Inc. adversely affects the rights of the remaining Plaintiffs. Without commenting on the merits of the alleged defense, the Court believes that Defendant's defenses are good at law and, therefore, meritorious.

Having considered the three *United Coin Meter* factors, and having found each of them weighing strongly in favor of Defendant's motion, the Court finds that it is in the interest of substantial justice to set aside the entry of default pursuant to Fed. R. Civ. Pro. 55(c).

For reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's July 16, 2009 Motion to Set Aside an Entry of Default is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant shall file an Answer or otherwise respond to Plaintiffs' Complaint within five days of the date of this Order.

                                    s/Gerald E. Rosen
                                    Chief Judge, United States District Court

Dated: July 22, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 22, 2009, by electronic and/or ordinary mail.

                                    s/Ruth Brissaud
                                    Case Manager