UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT BURCICKI, et al.,**

      **Plaintiffs,**          **CIVIL ACTION NO. 02-cv-70230**

    **vs.**                       **DISTRICT GERALD E. ROSEN**

**NEWCOR, INC.,**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

      **Defendants.**
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND FOR SANCTIONS
(DOCKET NO. 24)**

This matter comes before the Court on Plaintiffs' Motion To Compel Answers To Interrogatories And For Sanctions filed on November 16, 2009.  (Docket no. 24).  Defendant Newcor, Inc. filed a Response on November 30, 2009.  (Docket no. 28).  Plaintiffs filed a Reply on January 19, 2010.  (Docket no. 31).  The parties filed a Statement of Resolved/Unresolved Issues on January 22, 2010.  (Docket no. 33).  The motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 25).  The Court heard oral argument on this matter on January 27, 2010.  The motion is now ready for ruling.

**Background and Analysis**

Plaintiffs served a set of First Interrogatories To Defendants on September 9, 2009.  (Docket no. 24-3).  The parties stipulated that Defendants could answer on or before October 30, 2009 and Defendants served their Responses to Plaintiffs' First Interrogatories on November 2, 2009.  (Docket no. 24-4).  Plaintiffs allege that the answers were insufficient and seek to compel complete answers.

-1-

Defendants served First Supplemental Responses to Plaintiffs' Interrogatories on December 11, 2009 and January 8, 2010. (Docket no. 33-6). According to the parties' Joint Statement, the remaining unresolved issues are Defendants' answers to Interrogatory Nos. 5, 7, 12, 14 and the adequacy of Defendants' identification of individuals throughout their answers to Interrogatories.

Plaintiffs' Interrogatories are relevant to the claims and defenses in this action, including the issue of whether Newcor, Inc. was an alter-ego of Newcor M-T-L, Inc. Fed. R. Civ. P. 26(b)(1). Objections are not an issue with respect to these Interrogatories because Defendants have not timely objected to them. Fed. R. Civ. P. 33(b)(4).

Interrogatory No. 5 asked for directors and officers for the period 1985 through present and Interrogatory No. 12 asked for corporate history from 1980 to present including mergers, acquisitions, takeovers, sales, tender offers, divestitures, closings and name changes. In answer, Defendants directed Plaintiffs to see "Response to Plaintiffs' Request for Documents No. 12," which included Defendants' corporate annual reports and form 10-k filings. (Docket no. 33). Defendants argue that they produced business records in compliance with Fed. R. Civ. P. 33(d) and that in each report and filing there is an annual narrative of the Company's "Corporate History" and other responsive information. The Court finds that Defendants' general reference to the multitude of documents comprising its Response to Request No. 12 does not comply with Rule 33(d), Fed. R. Civ. P., because it does not specify the records which must be reviewed with sufficient detail to enable Plaintiffs to locate and identify the answer as readily as Defendants could. Defendants' answer to Interrogatory No. 7, seeking specific information regarding each and every cost analysis of retiree Health Care Benefits is similarly deficient. The Court will order Defendants to supply amended written answers to Interrogatory Nos. 5, 7 and 12 in full and by subpart, or, in the

alternative, specifically identify, including by page and/or bates number, each responsive document which answers each interrogatory and each of its subparts.

Interrogatory No. 14 asks Defendants to identify each person who had any involvement on behalf of the company in negotiating Health Care Benefits for Retirees or any modification thereof for the period 1970 to the present and state which negotiations the person took part in, and whether that person is alive. Defendants in their answer merely referenced various agreements and provided the names, titles and addresses of four individuals who signed the agreements without indicating whether they negotiated the agreements. Defendants' answer is insufficient. The Court will order Defendants to answer Interrogatory No. 14 as written and produce the documents identified as collective bargaining agreements from 1970 through 1989 which were not produced, despite being directly referenced. Defendant is further ordered to specifically identify in its response the name, date, section and page(s) of each document where the responses to Interrogatory No. 14 are to be found.

Plaintiffs also argue that for individuals identified in Defendants' answers, including answers to Interrogatory Nos. 5, 7 and 14, Defendants did not provide all of the information which Plaintiffs set forth in their definition of "identify" which is: "full name; current or last known residential address and telephone number; current or last employer or title; current or last known business address and telephone number; employer and title at the time in question; and dates of employment with the Company." (Docket no. 24-3). Defendants argue that they do not have to provide residential addresses and phone numbers for their current employees, directors and officers and that they can be contacted through Defendants' counsel. Although Defendants have provided no legal authority for withholding this information, the parties resolved this issue at the hearing. On the

record, Defendants' counsel agreed to accept service for all current employees, directors and officers. If an employee, director or officer leaves the corporation, Defendants will produce the requested contact information. The Court will order the same. The Court will also order Defendants to identify the former employees in full and with the specificity set forth in Plaintiffs' definition.

The Court will deny Plaintiffs' request for sanctions pursuant to 37(b)(2)(A)(i)-(vi). Such severe sanctions are inappropriate in this instance. The Court finds that the parties were able to resolve on their own many of the issues raised in Plaintiffs' motion, including but not limited to areas where Defendants' original answer sufficiently indicated that the information was unknown. The Court will deny Plaintiffs' request for attorneys fees. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Compel Answers To Interrogatories And For Sanctions (docket no. 24) is **GRANTED** in part and Defendants will produce the following on or before February 8, 2010:

1) Defendants will serve amended written answers to Interrogatory Nos. 5, 7 and 12 in full and by subpart, or, in the alternative, specifically identify including by page and/or bates number, each responsive document which answers each interrogatory and each of its sub-parts.

2) Defendants will answer Interrogatory No. 14 as written and produce the documents identified as collective bargaining agreements from 1970 through 1989. To the extent that the information does not exist or Defendants do not have the information or access to the information, they will so state.

3) Defendants' counsel has agreed to accept service for any current employee, director or officer and if any such individual leaves the position and/or employ of Defendants, Defendants will provide contact information including the last known residential address, business address and telephone number(s) for that individual within 7 days of his or her departure.

4) Defendants will serve full identifying information for all former employees, directors and officers identified in their answers.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorneys' fees and costs and/or sanctions is **DENIED**. Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: February 01, 2010    s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: February 01, 2010    s/ Lisa C. Bartlett
Case Manager