UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

*Burcicki, et al v. Newcor, Inc. (Newcor Machine Tool)*   Case No. 02-70230
*Audia, et al v. Newcor, Inc. (Wilson Automation)*   Case No. 10-10209

### NOTICE OF OPPORTUNITY TO FILE DAMAGE CLAIM

To:   Certain retired bargaining unit employees of Newcor, Inc.'s Newcor Machine Tool and Wilson Automation Plants

**I.   STATUS OF PROCEEDINGS**

On May 2, 2011, Newcor, Inc. and the Plaintiffs, as that term is defined in the Settlement Agreement, entered into a Settlement Agreement that provided that Newcor, Inc. would pay damage Claim Amounts pursuant to a Damage Claim Procedure.  On June 15, 2011 in the Wilson Automation litigation ("*Audia*") and on June 30, 2011 in the Newcor Tool litigation ("*Burcicki*") respectively, Final Judgments approving and incorporating the Settlement Agreement were entered by the Court..

Under the Settlement Agreement, Newcor, Inc. will pay *Audia* Plaintiffs a Claims Amount equal to 100% of properly documented health care expenses, prescription drug expenses and health care premiums they and their Spouses incurred between February 1, 2010 through March 1, 2011 (or the date of death of an *Audia* Plaintiff if earlier) as a result of the modification of Medical Insurance Benefits by Newcor, Inc. on February 1, 2010.

Newcor, Inc. will pay *Burcicki* Plaintiff Robert Burcicki the full amount of any Claim Amount for expenses he and his Spouse incurred for Medical Insurance Benefits during the period May 1, 2009 through November 20, 2010, the date of Mr. Burcicki's death, as a result of the termination of Medical Insurance Benefits by Newcor, Inc. on May 1, 2009 less either 1) the amount Mr. Burcicki would have paid in premium contributions during that period; or 2) 25% of the gross Claim Amount, whatever reduction results in a higher net Claim Amount.

Newcor, Inc. will pay *Burcicki* Plaintiff Frank Zaparanuk the full amount of any Claim Amount for expenses he and his Spouse incurred for Medical Insurance Benefits during the period May 1, 2009 through the Reinstatement Date, as a result of the termination of Medical Insurance Benefits by Newcor, Inc. on May 1, 2009 less either 1) the amount Mr. Zaparanuk would have paid in premium contributions during that period; or 2) 25% of the gross Claim Amount, whatever reduction results in a higher net Claim Amount..

Newcor, Inc. will pay *Burcicki* Plaintiff George DeGraeve a Claim Amount of $6,000.00 plus up to an additional Claim Amount of up to $6,000.00 for properly documented health care expenses, prescription drug expenses and health care premiums he and his Spouse incurred between April 1, 2009, the date Newcor, Inc. terminated his Medical Insurance Benefits, and March 1, 2011 (for a maximum of $12,000.00 in total payments).

The Claim Amounts will be distributed to the Plaintiffs as soon as feasible after the necessary information has been obtained from Plaintiffs through the filing of Claim Forms, after Plaintiffs' Counsel and Newcor, Inc. have reviewed the Claim Forms and supporting documentation and after appropriate orders are issued by the Court.  Barring unforeseen difficulties, distribution should occur in six to eight months.

The purpose of this Notice is to advise *Audia* Plaintiffs and *Burcicki* Plaintiffs of the procedure by which the Claim Amounts will be determined and distributed and to inform them of the information that will be required from them to support a Claim Form.  The Settlement Agreement -- and not this Notice -- is the official legal document governing this distribution procedure and will control in the event of any inconsistency.

## II.  ELIGIBILITY FOR PAYMENT OF CLAIM AMOUNT

As set forth above, Newcor, Inc. will pay Plaintiffs a damage Claim Amount for properly documented claims for medical and prescription drug expenses and health care premiums that they incurred because Newcor, Inc. modified or terminated Medical Insurance Benefits through the date the benefits were reinstated on March 1, 2011.  Plaintiffs are not eligible to recover expenses attributable to such things as pain and suffering or mental distress.  Plaintiffs are entitled to a Claim Amount only for those expenses that would have been paid by the Medical Insurance Benefit Plan in effect prior to the modification/termination of benefits.

A Spouse of a Deceased Plaintiff can file a Claim Form on behalf of the Deceased Plaintiff. The heirs of Deceased Plaintiffs without a Surviving Spouse can file a Claim Form on behalf of the Deceased Plaintiff providing that the person submitting the Claim Form demonstrates legally sufficient authority to act on behalf of the Deceased Plaintiff.

## III.  DEADLINE FOR FILING CLAIM FORMS; DOCUMENTATION

### A.  DEADLINE FOR FILING CLAIM FORMS

Claim Forms must be mailed by first class mail, postage prepaid, and postmarked on or before September 30, 2011, to:

> Roger J. McClow, Plaintiffs' Counsel
> Klimist, McKnight, Sale, McClow & Canzano, P.C.
> 400 Galleria Officentre, Suite 117
> Southfield, MI  48034

No Claim Forms filed after the deadline will be accepted.

### B.  PROPER DOCUMENTATION FOR CLAIM FORMS

A Plaintiff must provide proper documentation showing the amount the Plaintiff and Spouse paid or incurred in health care expenses, prescription drug expenses and health care premiums.  If

a Plaintiff does not provide sufficient documentation for all expenses, the Claim Amount will be limited to the amount of properly documented expenses. Proper documentation means documentation showing dates of treatment; name of doctor, hospital, pharmacist or other health care provider; services provided or drugs purchased, amount charged, amount paid and amount (if any) still owed. Documentation can include such things as receipts for health care expenses, statements from health care providers, Explanation of Benefit forms, prescription drug receipts, pharmacy printouts, cancelled checks, statements from employers showing payroll deductions for insurance premiums, or premium statements from insurance companies or employers.

## IV.     CLAIM AMOUNT DETERMINATION AND PAYMENT PROCEDURE

After Plaintiffs' Counsel has determined which claims are properly documented and has determined the Claim Amount for each Plaintiff, he will submit a report to Newcor, Inc. Newcor, Inc. will then have 30 days to review the proposed Claim Amounts. Any disputes between Plaintiffs' Counsel and Newcor, Inc. will be submitted to the Magistrate Judge for resolution. Following agreement of Plaintiffs' Counsel and Newcor, Inc. or resolution of disputes by the Magistrate Judge, Plaintiffs' Counsel will prepare a proposed Final Claims Order reflecting the agreement of the parties and/or the resolution of disputed claims and setting forth the proposed Claim Amounts.

Prior to seeking Court approval of the Final Claims Order, Plaintiffs' Counsel will mail to Plaintiffs a Court-Approved Notice describing the proposed distribution and establishing a 30-day period for Plaintiffs to file written objections to the proposed Claim Amounts. If written objections are received, the Court may schedule a hearing at which objections to the Final Claims Order will be resolved. If no objections are received, the Court will enter the Final Claims Order.

Upon entry of the Final Claims Order, Plaintiffs' Counsel will notify Newcor, Inc. of his readiness to distribute checks for the Claim Amounts. Within 28 days after providing such notice, Newcor, Inc. will forward the Claim Amount checks, made payable to the persons and in the amounts shown on the exhibit to the Final Claims Order, to Plaintiffs' Counsel. Plaintiffs' s Counsel will then distribute these checks to eligible Plaintiffs.

Newcor, Inc. will have no other responsibility for the administration of the payment of the Claim Amounts. Its delivery of the checks to Plaintiffs' Counsel will satisfy its obligations with respect to the distribution of Claim Amounts.

### V. ADDITIONAL INFORMATION

Any questions you have about matters contained in this Notice (and any address changes) should NOT be directed to the Court but should be addressed in writing to:

> Roger J. McClow, Plaintiffs' Counsel
> Klimist, McKnight, Sale, McClow & Canzano, P.C.
> 400 Galleria Officentre, Suite 117
> Southfield, MI 48034

### VI. JURISDICTION OF THE COURT

The Court has retained continuing jurisdiction over the Settlement Agreement, and has the power to enter appropriate orders to enforce and administer the Settlement Agreement.

### VII. REMINDER OF TIME LIMIT

All Claim Forms must be completed and returned to Plaintiffs' Counsel by first class mail postmarked no later than September 30, 2011.

Dated: July 25, 2011                    s/David J. Weaver
                                        Clerk of the Court

                                        By: s/Ruth A. Gunther
                                            Deputy Clerk